IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00444-GCM

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PORTRAIT HOMES – COMMONS AT ) <br> GRAND OAKS, LLC; and PORTRAIT ) <br> HOMES – SOUTH CAROLINA, LLC, ) <br> ) <br>     Defendants. ) <br> _____ ) | ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. No. 7], Plaintiff's response [Doc. No. 11], and Defendant's reply [Doc. No. 12]. For the reasons stated below, the Defendant's Motion is **DENIED**.

I.  FACTUAL BACKGROUND

This is a declaratory judgment action in which Plaintiff is seeking an adjudication of this Court declaring that Plaintiff's commercial liability ("CGL") policy does not provide liability coverage for the claims asserted against Defendants in two lawsuits pending in South Carolina for the alleged defective construction of certain villas and townhomes. [Doc. No. 1 at 1].

The Defendants claim coverage under the CGL Policy which was issued by Penn National to JJA Construction Inc., bearing policy number GL90601617 which was effective December 5, 2005 to December 5, 2006. [Doc. No. 1, Ex. 2]. The policy at issue was delivered

1

to JJA Construction, Inc. in Henderson, North Carolina in December 2005.[1] [*Id.*] The policy was subsequently renewed with effective dates of December 5, 2006 to December 5, 2007 and was again renewed with effective dates of December 5, 2007 to December 5, 2008. [Doc. No. 1, Exs 3 and 4]. Defendants subcontracted with Jose Castillo d/b/a JJA Framing to conduct framing work at The Commons on October 25, 2002. [Doc. No. 1, Ex. 7]. The subcontract required Jose Castillo, owner of JJA Framing, to obtain liability insurance naming the Defendants as additional insureds. [*Id.*]. JJA Construction, Inc. was a North Carolina company at the time the CGL policy was issued.[2] [Doc. No. 11-1 at 2-4]. Jose Castillo was the President of JJA Construction. [*Id.*].

II.     LEGAL STANDARD

In evaluating a motion to dismiss for lack of personal jurisdiction "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Plaintiff must only make a prima facie showing that personal jurisdiction exists. *Id.*

Analysis of personal jurisdiction has traditionally involved two determinations: "whether the [particular state's] long arm statute authorizes the exercise of jurisdiction in the circumstances presented and . . . whether the exercise of jurisdiction comports with Fourteenth Amendment due process standards." *Ellicott Mach. Corp. V. John Holland Party Ltd.*, 995 F.2d

---

[1] The policy's declarations were amended by Endorsement Number 01 which listed the named insured's address as being located in Ladson, South Carolina. [Doc. No.1 at 8]. The effective date of the endorsement was March 21, 2006, four months after the inception of the policy period. Thereafter, the South Carolina address was listed as the named insured's address in the declarations of the two renewal policies. [Doc. No. 1, Exs. 3 and 4].

[2] The State of North Carolina filed a Certificate of Dissolution as to JJA Construction Inc., on August 25, 2010 for failure to file an annual report. [Doc. No. 11-1 at 4].

2

474, 477 (4th Cir. 1993). The North Carolina Supreme Court has liberally construed the North Carolina long-arm statute to extend the full jurisdictional powers permissible under federal due process. *Vishay Intertechnology, Inc. V. Delta Int'l Corp.*, 696 F.2d 1062, 1065 (4th Cir. 1982). Therefore, "the two-step inquiry merges into a single issue of whether [defendant] has the requisite minimum contacts with North Carolina to satisfy due process." *CEM Corporation v. Personal Chemistry AB*, 192 F.Supp.2d 438, 440 (W.D.N.C. 2002).

A court's exercise of personal jurisdiction may be specific or general. Specific jurisdiction involves the exercise of personal jurisdiction in an action arising out of defendant's contacts with the forum state. For the reasons stated herein, the Court finds that the Portrait Defendants have sufficient minium contacts with North Carolina such that this Court has jurisdiction over Defendants.

III.  ANALYSIS

The issue is whether the Defendants have the requisite minium contacts with North Carolina to satisfy due process. Courts should look to the following three elements to determine whether specific jurisdiction exists: (1) whether the defendant has purposefully availed itself of the privilege of "conducting activities within [North Carolina]", thus invoking the benefits and protections of its laws; (2) whether the claim asserted arises out of the defendant's forum related activities; and (3) whether the exercise of jurisdiction would be constitutionally reasonable. *Christian Science Bd. Of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Here, Defendants are seeking to benefit from a CGL policy that Plaintiff, Penn National, contracted for with a North Carolina corporation in North Carolina. The Defendants required its subcontractor, a North Carolina company, to list them as additional insureds under the CGL policy. The CGL policy was

3

delivered to JJA Construction, the subcontractor, in North Carolina and JJA was a North Carolina corporation.

There is no question that the Defendants purposefully attempted to avail themselves of coverage provided by a North Carolina policy issued to a North Carolina insured which was required by Defendants. Defendants are now seeking to benefit under the CGL policy. Such action, by Defendants, is sufficient to establish purposeful availment in favor of personal jurisdiction.

The second element of specific jurisdiction is met because Plaintiff's claims in this declaratory judgment action arise out of the activities of Defendants i.e., their claim for coverage under a policy which Defendants required their subcontractor to obtain for their benefit.

The third element, the reasonableness requirement, is also satisfied. To be reasonable, jurisdiction must comport with "fair play and substantial justice." *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474, 477 (1985). Because this Court has determined that the first two elements weigh in favor of jurisdiction, "an inference arises" that this third element also weighs in favor of personal jurisdiction. *Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601, 621 (E.D.Va. 2002).

There are several factors courts look to in resolving the reasonableness requirement: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental social policies." *Burger King*, 471 U.S. at 477. Applying these factors, the Court concludes that the exercise of personal jurisdiction over the Portrait Defendants is

constitutionally reasonable.[3]

IV.     ORDER

For the reasons stated herein, the Court finds that the Portrait Defendants have sufficient minium contacts with North Carolina such that this Court has jurisdiction over Defendants. IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED.

**SO ORDERED**.

Signed: November 6, 2012

Graham C. Mullen
United States District Judge

---

[3] While the Defendants may assert that it will be somewhat burdensome for them to defend a suit in North Carolina, the Defendants should have been aware of the possibility of being sued in North carolina when they asserted a claim under a policy of insurance that was: (1) issued in North Carolina; (2) for a North Carolina company; and (3) for their benefit and at their direction.